Osby v. State 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-297-CR

DERRICK L. OSBY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On October 14, 2003, pursuant to a plea bargain, Appellant Derrick L. Osby pleaded guilty to aggravated sexual assault of a child under fourteen years of age, and the trial court sentenced him to thirteen years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant did not file a motion for new trial.  Consequently, his notice of appeal was due November 13, 2003.  
See
 
Tex. R. App. P.
 26.2(a)(2).  
The notice of appeal was not filed until July 28, 2005; thus it was untimely.  
Id. 

Because the notice of appeal was untimely and it appeared we lacked jurisdiction, we sent a letter to Appellant on August 8, 2005, requesting a response showing grounds for continuing the appeal.  Appellant responded that he had timely submitted his notice of appeal to the Tarrant County District Clerk but that the district clerk’s office had failed to timely file or forward the notice of appeal.  We note that Appellant sent the trial court a letter dated July 14, 2005 requesting an out-of-time appeal.  Appellant does not assert in that letter that he filed a timely notice of appeal.  

Regardless, this court does not have authority to grant an out-of-time appeal.  
Slaton v. State
, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).
  A notice of appeal that complies with the requirements of Rule 26 is essential to vest this court with jurisdiction.  
Tex. R. App. P.
 26.2(a)(2)
; 
Slaton
, 981 S.W.2d at 210.
  The Texas Court of Criminal Appeals has expressly held that, without a timely filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal.  
See Olivo v. State
, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996);
 see also Slaton
, 981 S.W.2d at 210.  Because Appellant’s notice of appeal was untimely filed, we dismiss this case for want of jurisdiction.  
See 
Tex. R. App. P.
 26.2(a)(2), 43.2(f).

PER CURIAM

PANEL D: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 31, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.